UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:08-cr-458-T-33TBM

FLAVIO SUAREZ CARVAJAL
_____/

**ORDER**

This matter comes before the Court pursuant to Flavio Suarez Carvajal's Motion for Minor Role Reduction in Light of Amendment 794 (Doc. # 156), filed on March 16, 2017. The Court directed the Government to file a response by March 29, 2017. (Doc. # 157). The Government filed its response (Doc. # 159) on March 27, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

On October 22, 2008, a grand jury indicted Carvajal for (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (2) possession with intent to distribute five kilograms or more of cocaine while aboard

1

a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Doc. # 1). On January 8, 2009, Carvajal pled guilty to both Counts. (Doc. ## 51, 61). The Court sentenced Carvajal to 135 months' imprisonment. (Doc. ## 71, 77).

On November 28, 2014, Carvajal filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 782. (Doc. # 127). The Court denied the motion because Carvajal was not eligible for a reduction. (Doc. 138).

Carvajal then filed the instant Motion on March 16, 2017, requesting the Court grant him a minor role reduction under Amendment 794, which he asserts is retroactively applicable, and "reduc[e] Carvajal's offense level by 2 points." (Doc. # 156 at 3-4). The Government responded on March 27, 2017, and argues that the Court does not have the authority to retroactively reduce Carvajal's sentence pursuant to Amendment 794. (Doc. # 159).

Section 3582(c)(2) grants a district court the discretion to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent

2

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But, the Sentencing Commission has limited retroactive application of amendments to the sentencing guidelines in § 3582(c)(2) proceedings to those amendments listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a). Accordingly, if an amendment is not listed in U.S.S.G. § 1B1.10(d), a reduction pursuant to § 3582(c)(2) is not authorized. United States v. Armstrong, 347 F.3d 905, 907-09 (11th Cir. 2003)("[O]nly amendments, clarifying or not, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).").[1]

Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), Amendment 794 does not authorize a reduction in Carvajal's term of imprisonment under § 3582(c)(2). See United States v. Harlie, No. CR 614-020, 2017 WL 78576, at *1 (S.D. Ga. Jan. 9, 2017) ("Amendment 794 is not a listed amendment in U.S.S.G. §

---

[1] In 2014, after the Eleventh Circuit issued its opinion in Armstrong, subsection (c) of U.S.S.G. § 1B1.10 became subsection (d). See Amendment 780 of the U.S. Sentencing Guidelines ("redesignating subsection (c) as subsection (d)").

3

1B1.10(d)," and thus does not apply to defendant's § 3582(c)(2) motion); see also United States v. Gamarra-Murillo, No. 8:04-cr-349-T-27AAS (M.D. Fla. Dec. 2, 2016), at (Doc. # 91 at 2)("Amendment 794 is not listed in USSG § 1B1.10(d) and therefore does not authorize a sentence reduction under § 3582(c)(2)."); United States v. Tapia, No. 8:14-cr-30-T-23TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016)("Under Section 1B1.10(a)(2)(A), an amendment to the Sentencing Guidelines is not applied retroactively unless it is listed in Section 1B1.10(d). Because it is not listed in Section 1B1.10(d), Amendment 794 is not applied retroactively on collateral review.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Flavio Suarez Carvajal's Motion for Minor Role Reduction in Light of Amendment 794 (Doc. # 156) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE