UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                   Case No.: 8:08-cr-458-T-33TBM

FLAVIO SUAREZ CARVAJAL
_____/

**ORDER**

This matter comes before the Court pursuant to Flavio Suarez Carvajal's Motion for Reconsideration (Doc. # 162), filed on April 10, 2017. For the reasons that follow, the Motion is denied.

**Discussion**

On October 22, 2008, a grand jury indicted Carvajal for (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Doc. # 1).

On January 8, 2009, Carvajal pled guilty to both Counts. (Doc. ## 51, 61). The Court sentenced Carvajal to 135 months' imprisonment. (Doc. ## 71, 77). On November 28, 2014, Carvajal filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 782. (Doc. # 127). The Court denied the motion because Carvajal was not eligible for a reduction. (Doc. 138).

Carvajal then filed a Motion for Minor Role Reduction in Light of Amendment 794 on March 16, 2017, requesting the Court grant him a minor role reduction under Amendment 794, which he asserts is retroactively applicable, and "reduc[e] Carvajal's offense level by 2 points." (Doc. # 156 at 3-4). The Government responded on March 27, 2017, and argued that the Court does not have the authority to retroactively reduce Carvajal's sentence pursuant to Amendment 794. (Doc. # 159).

The Court denied Carvajal's Motion for Minor Role Reduction on March 28, 2017, and explained "Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), Amendment 794 does not authorize a reduction in Carvajal's term of imprisonment under § 3582(c)(2)." (Doc. # 160 at 3).

Carvajal now seeks reconsideration of that Order, arguing that "this Court should provide Relief under Rule

60(b)(6) as an equitable remedy to prevent a manifest injustice in light of the extraordinary circumstances which prevented a party from taking timely actions at the appropriate time in order [to] prevent or correct an erroneous judgment." (Doc. # 162 at 1). He further states "the fact that many defendants are benefitting from Amendment 794 after sentencing[] should compel this Court to use Rule 60 so that it applies in this case retroactively after sentencing." (Id. at 2).

"[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure . . . " United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992). Instead, Carvajal seeks relief under Federal Rule of Civil Procedure 60(b)(6), which specifies "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

But, "Federal Rule of Civil Procedure 60(b) applies only in civil cases, and a motion under Rule 60(b) is an improper way to challenge a criminal conviction or sentence." United States v. Vives, 546 F. App'x 902, 904 (11th Cir. 2013); see also United States v. Fair, 326 F.3d 1317, 1318 (11th Cir.

3

2003)("Although there are considerable deficiencies in Fair's arguments on the merits, we need not discuss them because Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)."); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)("There is no dispute that the appeal at issue challenges criminal forfeiture orders of criminal proceedings to which the defendant was a party. It is also clear that the defendant, in this appeal, is challenging the district court's denial of a Fed. R. Civ. P. 60(b) motion. We hold that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of Civil Procedure.").

Even if Rule 60(b) were an appropriate means of seeking relief, the Court would still deny the Motion because Carvajal has not shown that there are extraordinary circumstances warranting vacatur of the Court's Order, or that the Court has the authority to grant him the minor role reduction he desires. "Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000)(citing High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990)); see also Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)("The vacation of a judgment under Rule 60(b)(6) is an extraordinary

remedy."). "To warrant relief under Rule 60(b)(6), not only must Plaintiffs show sufficiently extraordinary circumstances, but also that absent such relief, an extreme and unexpected hardship will result." Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015)(citation and internal quotation marks omitted).

The cases cited by Carvajal do not show that the Court erred in its previous Order, or that the Court has the authority to grant Carvajal the minor role reduction he seeks. The Ninth Circuit case, United States v. Quintero-Lewa, 823 F.3d 519, 522 (9th Cir. 2016), is inapplicable because it held that Amendment 794 may be applied retroactively to direct appeals. Similarly, in United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011), the Eleventh Circuit recognized that "'[s]ubsequent amendments that clarify the guidelines . . . should be considered *on appeal* regardless of the date of sentencing.'" Id. (quoting United States v. Descent, 292 F.3d 703, 707 (11th Cir. 2002))(emphasis added). But, "[t]here is no authority that Amendment 794 may be applied in a post-conviction context." United States v. Harlie, No. CR 614-020, 2017 WL 78576, at *1 n.2 (S.D. Ga. Jan. 9, 2017). Thus, the Court did not err in denying

5

Carvajal's Motion for Minor Role Reduction as that Motion was made in the district court rather than filed on direct appeal.

Nor does the Court agree with Carvajal that there are other extraordinary circumstances such that the Court may vacate its previous Order and grant a minor role reduction under Amendment 794. The Court understands Carvajal's frustration that some defendants charged today with similar crimes may receive minor role reductions at sentencing or on direct appeal in light of Amendment 794's clarification. But, this does not empower the Court to retroactively apply Amendment 794, which is not a retroactive amendment, to correct what Carvajal perceives as an unjust sentence. See United States v. Barker, No. 8:12-cr-93-T-33AEP, 2017 WL 417141, at *1 (M.D. Fla. Jan. 31, 2017)("[I]f an amendment is not listed in U.S.S.G. § 1B1.10(d), a reduction pursuant to § 3582(c)(2) is not authorized." (citing United States v. Armstrong, 347 F.3d 905, 907–09 (11th Cir. 2003))).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Flavio Suarez Carvajal's Motion for Reconsideration (Doc. # 162) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE